J-S13012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHME PERKINS | |
| Appellant | No. 785 MDA 2019 |

Appeal from the PCRA Order entered April 11, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001266-2008,
CP-22-CR-0001394-2008

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 03, 2020**

Appellant, Lahme Perkins, appeals *pro se* from the April 11, 2019 order entered in the Court of Common Pleas of Dauphin County following dismissal of his petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant filed a timely notice of appeal to this Court on May 5, 2019. However, he filed a single notice of appeal listing two docket numbers.  In light of our Supreme Court's ruling in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we issued a rule to show cause why the appeal should not be quashed as a single notice of appeal resolving issues on more than one docket.

---

[*] Retired Senior Judge assigned to the Superior Court.

The rule required a response within ten days. Appellant did not file a response within that timeframe. By order entered on June 17, 2019, the rule was discharged and the matter was referred to this merits panel.[1]

This Court subsequently issued its decision in ***Commonwealth v. Larkin***, No. 2761 EDA 2018 (Pa. Super. filed July 9, 2020) (*en banc*), addressing ***Walker*** issues. In ***Larkin***, the trial court's order informed Larkin that he had 30 days from the date of the order "to file ***an*** appeal." ***Id.*** at ____ (emphasis in original). We determined quashal was not necessary in light of a breakdown in the court system based on the language in the trial court's order referring to "an appeal."

Similarly, the trial court's order in the instant case advised Appellant of his right "to file ***an*** appeal" within 30 days of the trial court's order. Just as in ***Larkin***, this constitutes a breakdown in the court system. Therefore, quashal is not required. Regardless, Appellant is not entitled to relief.

By order entered on May 15, 2019, the trial court directed Appellant to file a concise statement of errors in accordance with Pa.R.A.P. 1925(b). A review of the docket reveals that Appellant failed to comply. Moreover, the order directed that a copy of the statement be served on the trial judge. Here, the trial judge indicated in his Rule 1925(a) opinion that Appellant did not file the required statement. Rule 1925(a) Opinion, 6/21/19, at 1. Further,

---

[1] Although Appellant did file a response, it was not received prior to the issuance of the order discharging the rule.

although Pa.R.A.P. 2111(a)(11) and (d) require that a copy of the Rule 1925(b) statement be appended to an appellant's brief, Appellant did not include or even reference the statement in his table of contents.[2]

By virtue of Appellant's failure to file a Rule 1925(a) statement, he has waived all issues on appeal. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998). Therefore, we affirm the trial court's April 11, 2019 order based on waiver under Pa.R.A.P. 1925.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2020

---

[2] Appellant suggested he did file a Rule 1925(b) statement and attached an Inmate Cash Slip to his brief as Appendix B to support that assertion. The cash slip requested postage and mailing of an unidentified item to the Dauphin County Court House. However, there is no indication that the item to be mailed was a Rule 1925(b) statement. Again, there is no evidence Appellant filed a Rule 1925(b) statement or served a copy on the trial judge. The docket does reflect his request for IFP status, a request that was granted.